UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:13-CR-0049-GFVT-HAI-10 |
| | ) | |
| V. | ) | |
| | ) | |
| JAMES THOMAS WOODS, | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendant. | | |

*** *** *** ***

This matter is before the Court on the Recommended Disposition ("R&R") [R. 349] filed in the Record by United States Magistrate Judge Hanly A. Ingram on November 16, 2016. The Magistrate's Recommended Disposition was requested following the revocation of James Thomas Woods' supervised release and the issuance of a warrant by this Court. [R. 344.] Initially, on November 25, 2014, Mr. Woods was sentenced to 37 months of imprisonment followed by five years of supervised release. [R. 349 at 1.] Defendant Woods began his supervised release term on June 28, 2016. [*Id.*] Mr. Woods' supervised release was revoked following a urine sample that tested positive for methamphetamine use. When asked about the result, the Defendant admitted to using methamphetamine on October 19, 2016, as well as chewing on a fentanyl patch. [*Id.*] Since Mr. Woods violated four separate terms of his supervised release conditions and admitted these violations, the Magistrate Judge recommends revocation with a term of imprisonment of six months to be followed by a 60 month term of supervised release under the conditions previously imposed at Docket Entry 306. [*Id.* at 7.]

On November 15, 2016, Judge Ingram conducted a final hearing on revocation of Woods' supervised release.  [*Id.* at 3.]  At the revocation hearing, Woods admitted the factual basis for the violations described by the USPO in the Supervised Release Violation Report by "competently enter[ing] a knowing, voluntary, and intelligent stipulation to violations #1, #2, #3 and #4."  [*Id.*]  The United States argued for revocation and eight months of imprisonment to be followed by five years of supervised release.  Defense counsel noted that Mr. Woods' actions were mitigating as he quickly admitted drug use to the probation officer, after being questioned about the results, and Mr. Woods was willing to stipulate to the violations.  [*Id.* at 5.]  Further, Defense counsel notified the court that Mr. Woods accepted responsibility for these violations and even admitted fentanyl use which had not been detected by the drug test.  [*Id.*]  Unfortunately, Mr. Woods committed this violation only after four months of supervised release and "his violations were reminiscent of his underlying offense, which involved procuring meth ingredients in exchange for meth to feed his addiction."  [*Id.*]

Upon evaluation of the entire record, the Report, the § 3553 factors imported into the section 3583(e) analysis, the Guidelines range, accompanying documents, and the sentencing materials, Magistrate Judge Ingram issued an R&R recommending revocation with a term of imprisonment of six (6) months and a term of supervised release of sixty (60) months under the conditions previously imposed at Docket Entry 306.  [*Id.* at 7.]  In making this "within-Guidelines" recommendation, Judge Ingram reiterates that Congress mandates revocation in a case of this nature.  [R. 349 at 6-7 (referencing 18 U.S.C. § 3583(g)(1)).]  In evaluating the nature and circumstances of Defendants' conviction, the Magistrate Judge found that Defendant Woods had engaged in substantial drug manufacturing crimes that "supplied pseudoephedrine with a marijuana equivalence of 400 to 700 kilograms."  [*Id.* at 6.]  Crimes of this nature are not

2

only harmful to the Defendant, but also to members of the community at large.

This Court and the Magistrate must consider the Defendant's history and characteristics, and the need to deter criminal conduct and protect the public when imposing a sentence. While Mr. Woods was quick to accept responsibility for violating the terms of his supervised release, he did engage in drug use that was reminiscent of his underlying offense. Further, the "primary wrong in the supervised release context is the violation of the Court's trust by an offender." The Magistrate Judge noted that Mr. Woods' shall be subject to the same release conditions as those imposed in Docket Entry 306 which do provide for drug treatment programs and resources at the discretion of the USPO. The R&R concludes by directing the parties to the relevant statute that requires any objections to be filed within fourteen (14) days of service. [*Id.* at 8.] As of this date, neither party has filed objections nor sought an extension of time to do so. Further, Mr. Woods has submitted a Waiver of Allocution that was signed by himself and defense counsel. [R. 350.]

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's recommended disposition are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and it agrees with the Magistrate Judge's Recommended Disposition.

3

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.      The Magistrate's Recommended Disposition [**R. 349**] as to James Thomas Woods is **ADOPTED** as and for the Opinion of the Court; and

2.      The Defendant, James Thomas Woods, is found to have violated the terms of his Supervised Release as set forth in the Petition filed by the United States Probation Office and the Recommended Disposition of the Magistrate Judge; and

3.      Mr. Woods' Supervised Release is **REVOKED**; and

4.      Mr. Woods is hereby sentenced to a term of incarceration for **six (6) months** with a term of supervised release of **sixty (60) months** to follow; and

5.      The term of supervised release shall be imposed under the same conditions previously imposed at Docket Entry 306.


        This 27th day of December, 2016.


Gregory F. Van Tatenhove
United States District Judge


4