UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:13-cr-00049-GFVT-HAI-10 |
| | ) | |
| V. | ) | |
| | ) | |
| JAMES THOMAS WOODS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Recommended Disposition [R. 389] filed by United States Magistrate Judge Hanly A. Ingram. Defendant James Thomas Woods is charged with two violations of his supervised release stemming from his use of methamphetamine in March 2018. [*Id.* at 2.] At a final revocation hearing before Judge Ingram on April 13, 2018, Mr. Woods admitted the factual basis for these violations. [*See id.* at 3.] The matter was then referred to Judge Ingram to recommend a proposed disposition.

On April 16, 2018, Magistrate Judge Ingram issued a Recommended Disposition which recommended revocation of Mr. Woods's supervised release and a nine-month term of imprisonment followed by a one-year term of supervised release under the conditions previously imposed. [*Id.* at 7-8.] Judge Ingram structured this recommended sentence based on the arguments of the parties. While the parties agreed to a term of imprisonment for this revocation, they did not agree to subsequent supervised release. [*See id.* at 4.] Judge Ingram noted that this is the defendant's second revocation involving illicit drug use. [*Id.* at 6.] The Magistrate also

noted that Defendant Woods's violations are strongly related to his underlying conviction of a methamphetamine related offense. [*Id.*] On the whole, Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors throughout his Recommended Disposition, and he adequately explained why a within-guideline sentence of nine months is appropriate in this case.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. [*Id*. at 8.] *See* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Recommended Disposition have been filed by either party. Indeed, Defendant Woods, through counsel, filed a waiver of allocution. [R. 390.]

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 389**] as to Defendant James Thomas Woods is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Woods is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of

the Magistrate Judge;

3. Defendant Woods's Supervised Release is **REVOKED**;

4. Mr. Woods is **SENTENCED** to the Custody of the Bureau of Prisons for a nine-month term of imprisonment; and

5. Following his release from incarceration, Mr. Woods is placed on supervised release for a term of one year.

This the 1st day of May, 2018.

Gregory F. Van Tatenhove
United States District Judge