UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 6:13-CR-49-GFVT-HAI-10 |
| ) | |
| v. ) | RECOMMENDED DISPOSITION |
| ) | |
| JAMES THOMAS WOODS, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral from District Judge Van Tatenhove (D.E. 420), the Court considers reported violations of supervised release conditions by Defendant James Thomas Woods. This is his third revocation.

Judge Van Tatenhove entered a judgment against Defendant on November 24, 2014, for one count of conspiracy to manufacture methamphetamine. D.E. 306 at 1. Defendant was sentenced to 37 months of imprisonment followed by five years of supervised release. *Id*. at 2-3. Defendant began his first supervised release term on June 28, 2016.

On November 1, 2016, the United States Probation Office ("USPO") issued a report that charged Defendant with submitting a urine sample that tested positive for methamphetamine. Defendant admitted using and possessing methamphetamine and fentanyl. After stipulating to the violations, he was sentenced to six months of imprisonment, followed by five years of supervised release. D.E. 351, 352. Defendant was released again on May 3, 2017.

On March 20, 2018, the USPO issued a report charging Defendant with again submitting a urine sample that tested positive for methamphetamine. After stipulating to the violations of use and possession of a controlled substance, he was sentenced to nine months of imprisonment, followed by twelve months of supervised release. Defendant was released again on December 27, 2018.

In January 2019, District Judge Van Tatenhove granted the USPO's request to modify Defendant's release conditions. D.E. 414. The USPO reported that, on January 4, 2019, Defendant submitted a urine specimen that tested positive for Suboxone (buprenorphine). Defendant admitted using Suboxone, and subsequently tested negative. The USPO referred him to weekly outpatient substance abuse counseling. The Court also granted the USPO's request to add a condition requiring eight weeks of weekly drug testing. *Id*.

**I.**

On March 4, 2019, the USPO issued the Supervised Release Violation Report ("the Report") that initiated this revocation. According to the Report, on March 4, 2019, Defendant submitted a urine sample that tested positive for buprenorphine, benzodiazepines (alprazolam, a.k.a. Xanax), and methamphetamine. Defendant admitted in writing that he had used all three substances the day before. The Report charges six violations—two violations for each of the three controlled substances that Defendant unlawfully possessed and used in violation of his conditions of release.

Violations #1, #3, and #5 each charge a violation of Mandatory Condition #2 (forbidding the unlawful possession of a controlled substance) and Mandatory Condition #3 (forbidding the unlawful use of a controlled substance). *See* D.E. 352 at 3. Based on the use of Suboxone, Xanax, and methamphetamine, respectively, these are Grade C violations.

Violations #2, #4, and #6 each charge a violation of Mandatory Condition #1, which forbids committing another federal, state or local crime. *See* D.E. 352 at 3. The Report notes that buprenorphine is a Schedule III controlled substance, alprazolam is a Schedule IV controlled substance, and methamphetamine is a Schedule II Controlled Substance. Due to Defendant's prior drug conviction and the Sixth Circuit's decision that use of a controlled substance includes possession, Violations #2, #4, and #6 charge Defendant with conduct that would qualify as Class E Felonies under 21 U.S.C. § 844(a). These are Grade B violations.

The Court conducted an initial appearance pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure on March 6, 2019, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 423. At the initial appearance, the United States made an oral motion for interim detention. Defendant did not argue for release. *Id*. Based on the heavy § 3143(a) defense burden, the Court found that Defendant failed to justify release and remanded Defendant to the custody of the United States Marshal. *Id*.

At the final hearing on March 18, 2019, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 388. Defendant competently entered a knowing, voluntary, and intelligent stipulation to all six violations. *Id*. For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for each violation as described in the Report. Specifically, he admitted using and possessing Suboxone, Xanax, and methamphetamine. The United States thus established all six violations under the standard of section 3583(e). *Id*.

**II.**

The Court has evaluated the entire record, the Report and accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all the section 3553 factors imported into the section 3583(e) analysis.

3

Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pleaded guilty to the Class C felony of participating in a conspiracy to manufacture methamphetamine. *See* 21 U.S.C. §§ 846, 841(a)(1). Defendant's conviction carries a 24-month maximum period of incarceration upon revocation pursuant to 18 U.S.C. § 3583(e)(3). Under 18 U.S.C. § 3583(h) and 21 U.S.C. § 841(b)(1)(C), there is no maximum term of supervised release that can be reimposed.

The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438-39 (6th Cir. 2007). Under section 7B1.1, Defendant's admitted conduct would qualify as Grade C violations with respect to Violations #1, #3, and #5 and Grade B violations with respect to Violations #2, #4, and #6. Given Defendant's criminal history category of I (the category at the time of the conviction in this District) and Grade B violations,[1] Defendant's Range under the Revocation Table of Chapter 7 is four to ten months. U.S.S.G. § 7B1.4(a).

### III.

Both parties recommended a sentence of imprisonment above the Guidelines Range. The government requested twelve months of imprisonment followed by one year of supervised release. The defense requested twelve months and a day, followed by no additional supervision. Both imprisonment terms are above the Guidelines Range of four to ten months. Both sides

---

[1] S*ee* U.S.S.G § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

acknowledged that an upward departure is warranted because this is Defendant's third revocation for drug use.

The government pointed out that Defendant's first violation came roughly six months after his release. His second came roughly a year after his release. Egregiously, following his third release from prison in this matter, Defendant tested positive about a week after his release. D.E. 414. Defendant was given "grace" in the form a modification rather than revocation, but he violated again by using drugs less than two months later. By sending Defendant to counseling and instituting weekly drug testing, the USPO was trying to prevent Defendant from getting in worse trouble, but they failed. The government also argued that Defendant's PSR shows that his meth use was what got him into the manufacturing ring. Accordingly, a strong need exists to protect the public and deter future criminal conduct because Defendant's drug addiction raises the specter that he may traffic again.

The defense explained that it requested an imprisonment sentence of one day longer than the government's recommendation so Defendant would be eligible for good-time credit. The defense also argued that additional supervision would not be helpful. Meth addiction is Defendant's "demon" and he cannot kick that habit. Defendant has been good aside from his addiction. He accepted responsibility and his conduct did not involve more serious conduct like violence or drug distribution. Because his violations stem from his personal struggle that he has not been able to overcome, the defense argued that additional supervision would only set him up for failure. Defendant is self-medicating, and the addiction is so intense he used drugs even when he knew he was being tested every week. The defense also stressed that the addiction arose in relation to a back injury Defendant sustained after he enlisted in the Army. And he has suffered much loss, including the death of his sister from a drug overdose. In summary, because

5

Defendant has never successfully completed a year of supervision, the Court can expect him to violate again. The defense argued this case would not be a good use of public resources.

Defendant briefly addressed the Court. He stated that his drug addiction is a daily struggle, but he won't give up.

### IV.

To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range. The undersigned recommends revocation with twelve months of imprisonment, followed by no further supervision.

Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession). To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range.

The Court first considers the nature and circumstances of Defendant's conviction. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). According to his PSR, Defendant was involved in a methamphetamine manufacturing conspiracy for over three years. During that time, he supplied pseudoephedrine with a marijuana equivalency of 400 to 700 kilograms. This was clearly a serious offense that endangered many people.

The Court next considers Defendant's history and characteristics, and the need to deter criminal conduct and protect the public. Weighing in Defendant's favor is his low criminal

history. However, this is his third revocation, so an incremental increase is warranted. And, as before, he has relapsed to using meth, the same drug that drove his underlying offense. Any illegal drug use by Defendant constitutes a new federal felony, and the public needs to be protected against that. The need to deter further drug use and the need to protect the public are strong here, particularly when Defendant's addiction is what drove his participation in the underlying drug conspiracy.

Regarding opportunities for education and treatment, little in the record suggests that additional treatment would be beneficial.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender. The particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e). Defendant's conduct here represents a significant breach of the Court's trust, particularly because Defendant's release has already been revoked twice for similar behavior.

A final factor the Court must consider is the need to avoid unwarranted sentencing disparities. This factor is usually addressed by imposing a within-Guidelines sentence. When departing from the Range, the Court must provide an adequate explanation and "'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *Johnson*, 640 F.3d at 205 (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). The Court must state "'the *specific reason* for the imposition of a sentence different

from that described [in the applicable Guidelines or policy statements.]'" *Id.* (quoting 18 U.S.C. § 3553(c)(2)).

Here, both sides recognized that an above-Range sentence is appropriate. And Defendant was previously warned that his sentence would increase if he violated again. D. E. 389 at 7. Twelve months is an incremental increase over the prior imprisonment terms of six months and nine months. Defendant tends to violate quickly. And the recent modifications, including additional counseling and more frequent testing, did not induce compliance. Defendant freely acknowledges that he is likely to continue to use drugs. An above-Range imprisonment term is also appropriate to counterbalance the fact that he will not be subject to further supervision.

Last time, the Court recommended one year of supervised release in hopes it would provide a realistic goal and act as an incentive to compliance. This did not occur, as Defendant returned to drug use almost immediately. In light of his unlikely compliance, further supervision would not be a good use of public resources or meaningfully protect the public.

For the reasons discussed above, the Court finds that twelve months of incarceration with no subsequent supervision is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).

Based on the foregoing, the Court **RECOMMENDS**:

(1) That, upon his stipulation, Defendant be found guilty of all six Violations.

(2) Revocation with a term of imprisonment of twelve months and no supervised release to follow.

(3) As requested by Defendant, that he be housed in the facility closest to Barbourville, Kentucky.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended disposition, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 19th day of March, 2019.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge