UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No. 6:13-cr-49-GFVT-HAI-10 |
| V. | ) | |
| JAMES THOMAS WOODS, | ) | **ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Recommended Disposition [R. 426] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant, James Thomas Woods, is charged with six violations of his supervised release conditions. *Id.* at 2-4. These six violations fall into two general categories: (i) prohibition on the use or possession of a controlled substance; and (ii) committing another federal, state or local crime. *Id.* Judgment was originally entered against the Defendant on November 24, 2014, for conspiracy to manufacture methamphetamine. *Id.* at 1. He was originally sentenced to thirty-seven months followed by a five-year term of supervised release. *Id.* Mr. Woods began his first term of supervised release on June 28, 2016. *Id.*

Mr. Woods had his initial supervised release revoked for admitting to the use and possession of methamphetamine and fentanyl. *Id.* These violations resulted in a sentence of six month of imprisonment and five years of supervised release. *Id.* The Defendant then began his second term of supervised release on May 3, 2017.

Approximately eleven months later Mr. Woods again had his supervised release revoke for confessing to the use of methamphetamine. *Id.* at 2. This time he was given a sentence of nine months imprisonment followed by twelve months of supervised release. *Id.* Mr. Woods was released from custody on December 27, 2018.

On March 4, 2019, Woods was charged with violating six conditions of his release. *Id.* All six violations relate to his urine sample which tested positive for buprenorphine, benzodiazepines (alprazolam, a.k.a. Xanax), and methamphetamine. *Id.* After receiving the positive result, Woods admitted to using all three substances the previous day. *Id.* The admission of the use of these drugs triggers a violation of the condition that Mr. Woods not possess or unlawfully use controlled substance. *Id.* Therefore, he had a Grade C violation for the use of Suboxone, Xanax, and methamphetamine. *Id.* Because use is the equivalent of possession, Mr. Woods conduct also qualifies as a Class E Felony. This conduct constitutes a Grade B violation.

At the final revocation hearing, held on March 18, 2019, Woods competently entered a knowing, voluntary, and intelligent stipulation to the first four violations that had been charged by the USPO in the Supervised Release Violation Report and Addendum. [R. 388.] On March 19, 2019, Magistrate Judge Ingram issued a Recommended Disposition which recommended revocation of Woods' supervised release and a term of twelve months of imprisonment followed by no term of supervised release. [R. 426.]

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence. Judge Ingram noted the nexus between Woods conviction for being involved in a methamphetamine manufacturing conspiracy and his use of the same drug, here. *Id.* at 6. Woods has a limited criminal history, but this is his third revocation and his continued

use is a federal felony. *Id.* at 7. Deterrence is especially important, here, where Woods' drug addiction drove his underlying criminal conduct. *Id.*

Woods' violations are also a serious breach of the Court's trust. *Id.* The Defendant has violated the terms of his release on multiple occasions. *Id.* In recommending an above Guidelines term of imprisonment, Judge Ingram highlighted Mr. Woods was informed that his sentence would be increased if he violated again. *Id.* A longer sentence of imprisonment is also necessary to counterbalance the lack of supervised release. *Id.* at 8.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. *Id*. at 9. *See* 28 U.S.C. § 636(b)(1). No objections have been filed, and Defendant Woods submitted a waiver of allocution. [R. 427.] Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

    1.    The Recommended Disposition [**R. 372**] as to Defendant James Thomas Woods is **ADOPTED** as and for the Opinion of the Court;

    2.    Defendant Woods is found to have violated the terms of his Supervised Release as

set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

      3.      Woods' Supervised Release is **REVOKED**;

      4.      Mr. Woods is **SENTENCED** to the Custody of the Bureau of Prisons for a term of twelve months of imprisonment;

      5.      It is **RECOMMENDED** that Woods be housed at the facility closest to Barbourville, Kentucky.

This the 15th day of April, 2019.

Gregory F. Van Tatenhove
United States District Judge